RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206
File Name: 11a0318p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

UNITED STATES OF AMERICA,

              *Plaintiff-Appellee,*

    *v.*

HERBERT WILFRED NIXON,

              *Defendant-Appellant.*

No. 10-5929

_____

Appeal from the United States District Court
for the Middle District of Tennessee at Nashville.
No. 09-00273-001—William J. Haynes, Jr., District Judge.

Decided and Filed:  December 20, 2011

Before:  SILER and KETHLEDGE, Circuit Judges; ADAMS, District Judge.[*]

_____

## COUNSEL

**ON BRIEF:**  Paul L. Nelson, FEDERAL PUBLIC DEFENDER'S OFFICE, Grand Rapids, Michigan, for Appellant.  Sandra G. Moses, ASSISTANT UNITED STATES ATTORNEY, Nashville, Tennessee, for Appellee.

_____

## OPINION

_____

KETHLEDGE, Circuit Judge.  Herbert Nixon sent six threatening letters to the federal district judge who had sentenced him to prison for fraudulent use of an unauthorized credit card.  The unsigned letters demanded money and threatened the judge's life.  One of them contained a white-powder substance, which was later determined to be a harmless artificial sweetener. Nixon pled guilty to committing a hoax

_____

[*] The Honorable John R. Adams, United States District Judge for the Northern District of Ohio, sitting by designation.

involving a biological weapon, in violation of 18 U.S.C. § 1038(a)(1). The Sentencing Guidelines recommended a sentence of 30 to 37 months in prison. The district court disagreed with that recommendation and sentenced Nixon to 60 months—the statutory maximum—and also ordered that he have no contact with any member of the postal service during his three years of supervised release. Nixon now challenges his sentence and the supervised release condition. The district court's sentence was reasonable, so we affirm.

Nixon first argues that his sentence is substantively unreasonable. We review his above-Guidelines sentence using a "deferential abuse-of-discretion standard." *United States v. Bolds*, 511 F.3d 568, 578 (6th Cir. 2007) (quoting *United States v. Gall*, 552 U.S. 38, 41 (2007)). A sentence may be substantively unreasonable where a district court selects it arbitrarily, fails to consider pertinent factors in 18 U.S.C. § 3553(a), or gives unreasonable weight to any one factor. *United States v. Denny*, 653 F.3d 415, 424 (6th Cir. 2011).

Here, the district court committed no error. The court explained its sentence—including its decision to vary from the Guidelines—by discussing the serious effect of Nixon's crime on the operation of government. *See* 18 U.S.C. § 3553(a)(2)(A). Nixon says that was an impermissible basis for varying upward because his Guidelines range already included an enhancement for targeting a government officer. That a circumstance was addressed in the Guidelines, however, does not prevent the district court from considering it under section 3553(a), so long as the court explains why the circumstance warrants additional weight with regard to that particular defendant's sentence. *See United States v. Tristan-Madrigal*, 601 F.3d 629, 635–36, 636 n.1 (6th Cir. 2010) (refusing to find an above-Guidelines sentence to be substantively unreasonable where the Guidelines had already accounted for the district court's justifications for that sentence). Moreover, Nixon's offense involved more than just a single act against a government official—his white-powder hoax was part of a series of letters that threatened the life of a district judge and attempted to extort him.

The district court also explained that it varied above the Guidelines because Nixon's prior sentence of 36 months for credit card fraud had failed to deter him from further criminal conduct. That too was a proper consideration under section 3553(a)(2)(C). *See Tristan-Madrigal*, 601 F.3d at 633–34. That Nixon sent the threatening letters out of anger over his fraud sentence makes no difference—the court determined that a sentence of more than 36 months was necessary to deter Nixon against future crimes.

Finally, Nixon says that by sentencing him at the top of the statutory range, the district court left no room for higher penalties for more serious offenders. But Nixon's crimes were serious: they required the government to spend resources responding to a bio-hazard threat and were meant to terrorize a district judge and his staff. Moreover, the court found that Nixon was a repeat offender and that the Guidelines' criminal history calculation understated his criminal record. Those observations went to Nixon's history and characteristics and were proper under section 3553(a)(1). *See Tristan-Madrigal*, 601 F.3d at 635–36.

That an appellate court might have imposed a different sentence is not an appropriate basis for reversal. *Gall*, 552 U.S. at 51; *see also United States v. Collington*, 461 F.3d 805, 811 (6th Cir. 2006) (where the district court has considered the relevant section 3553(a) factors in-depth, the appellate court should not substitute its judgment for that of the district court regarding how long the defendant should serve). Given the circumstances of Nixon's offense, his criminal history, and his refusal to be deterred by a prior 36-month sentence, the district court's sentence of 60 months was not an abuse of discretion.

Nixon also challenges the supervised release condition barring him from contact with any member of the postal service. Nixon did not object to this condition before the district court, so we review it only for plain error. *United States v. Kingsley*, 241 F.3d 828, 835 (6th Cir. 2001). A district court may impose a supervised release condition as long as it is reasonably related to the factors in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), and (a)(2)(D); involves no greater deprivation of liberty than is reasonably

necessary for those factors; and is consistent with any pertinent policy statements of the Sentencing Commission.  *See* 18 U.S.C. § 3583(d).

Here, Nixon used the postal service to commit his crimes, so the supervised release condition was reasonably related to the "nature and circumstances of [his] offense."  18 U.S.C. § 3553(a)(1); *see also Kingsley*, 241 F.3d at 838 (affirming a supervised release condition restricting the driving privileges of a defendant because he had used his vehicle to illegally transport firearms).  The condition also serves to deter Nixon against future criminal conduct, including retaliation against postal employees. *See United States v. Berridge*, 74 F.3d 113, 119 (6th Cir. 1996) (affirming a condition prohibiting a defendant from obtaining employment in the banking industry, after he pled guilty to making false statements on loan applications, in order to aid the defendant in avoiding the conditions that led him to commit the offense).  Nixon has not identified any statements of the Sentencing Commission that are inconsistent with this condition. And that the condition arguably implicates Nixon's First Amendment rights does not invalidate it—we have approved supervised release conditions affecting constitutional rights so long as they were directly related to the defendant's rehabilitation and the protection of the public.  *See United States v. Ritter*, 118 F.3d 502, 504–05 (6th Cir. 1997) (rejecting a First Amendment challenge to a condition ordering a defendant to disclose his embezzlement crimes to his employer).  Finally, the deprivation of Nixon's liberty is not greater than necessary.  Nixon is only prohibited from contacting members of the postal service; he is not barred from using the service altogether.  There was no error, plain or otherwise.

The district court's sentence is affirmed.