NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0199n.06

No. 14-5296

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Mar 11, 2015
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| MARIO ALONSO UMANZOR-PLEYTES, | ) | KENTUCKY |
| aka Javier Antonio Munoz-Hernandez, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Before  KEITH, MERRITT, and BOGGS, Circuit Judges.

PER CURIAM.  Mario Alonso Umanzor-Pleytes, a federal prisoner, appeals through counsel the sentence imposed following his guilty plea to a charge of illegal reentry by a previously deported alien subsequent to the conviction of an aggravated felony.

Umanzor-Pleytes is a citizen of El Salvador.  In 1996, he was convicted of conspiracy to deliver heroin.  In 2005, he was convicted of illegal reentry, the same offense on appeal in this case.  He was sentenced to eighteen months of imprisonment.  In 2007, he was again convicted of the same offense and sentenced to thirty-three months of imprisonment.  In 2013, he pleaded guilty to the same charge.  In preparation for sentencing, a probation officer prepared Umanzor-Pleytes's presentence report.  The report calculated the guidelines range at eighteen to twenty-four months.  However, the probation officer recommended a longer sentence of forty months.  Counsel for Umanzor-Pleytes submitted a sentencing memorandum highlighting the lack of any

other serious or violent criminal history since the 1996 conviction and noting that Umanzor-Pleytes was employed and had a son living in Lexington. He asked for a sentence at or below the bottom of the guidelines range. At the sentencing hearing, the district court concluded that the likelihood of recidivism in this case required an upward departure, and sentenced Umanzor-Pleytes to thirty-six months of imprisonment. The court also issued a statement of reasons for the sentence.

In his brief before this court, Umanzor-Pleytes argues that his sentence is unreasonable because the district court failed to discuss the relevant sentencing factors, including the guidelines range, the nature of the offense and the offender, and disparity of the sentence with those of similar offenders. He also argues that the sentence, which is fifty percent higher than the top of the guidelines range, required compelling justification.

We review a criminal sentence for reasonableness under an abuse-of-discretion standard. *United States v. Carter*, 510 F.3d 593, 600 (6th Cir. 2007). Failure to consider the pertinent sentencing factors can be procedural error, *United States v. Vowell*, 516 F.3d 503, 509-10 (6th Cir. 2008), which is reviewed for plain error where the defendant does not object to preserve the error, *United States v. Simmons*, 587 F.3d 348, 360 (6th Cir. 2009). No plain error has been demonstrated here. In fact, the record shows that the district court did address the guidelines range and the nature of the offense and offender. Although Umanzor-Pleytes cites a failure to discuss unidentified sentencing disparities, it is not plain error to fail to address arguments that are not raised.

Failure to consider the pertinent sentencing factors can also result in a substantively unreasonable sentence. *See United States v. Kirchhof*, 505 F.3d 409, 413 (6th Cir. 2007). However, failure to list the specific arguments raised by the defendant in his sentencing

memorandum in the oral statement of the sentence is not unreasonable, as the district court may reject the arguments by implication. *United States v. Chiolo*, 643 F.3d 177, 184 (6th Cir. 2011). We have upheld an upward variance in cases where a prior sentence's failure to deter repeat conduct indicated the need for a longer sentence, *United States v. Nixon*, 664 F.3d 624, 626 (6th Cir. 2011), where a defendant has been removed from the country a number of times, *United States v. Tristan-Madrigal*, 601 F.3d 629, 634-35 (6th Cir. 2010), and where the guidelines calculation results in a lower sentence than that for a prior conviction of the same offense, *United States v. Barnes*, 910 F.2d 1342, 1345 (6th Cir. 1990). All of these factors were present in this case.

The argument that the sentence in this case was fifty percent higher than the top of the guidelines range is also unpersuasive, because we apply no mathematical formula in reviewing the extent of a departure. *United States v. Richards*, 659 F.3d 527, 550 (6th Cir. 2011). The imposition of a thirty-three month sentence did not deter Umanzor-Pleytes from illegally entering this country a third time, so a sentence of only three more months is not a large departure requiring a compelling justification.

Umanzor-Pleytes has not demonstrated that a lower sentence was required in his case. *See United States v. Brown*, 579 F.3d 672, 687 (6th Cir. 2009). The district court's judgment is therefore affirmed.