NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0289n.06

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Apr 16, 2015
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| YOLANDA VILLARREAL, | ) | THE EASTERN DISTRICT OF |
| | ) | KENTUCKY |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

BEFORE: KETHLEDGE and WHITE, Circuit Judges; LUDINGTON, District Judge.[*]

PER CURIAM. Yolanda Villarreal challenges her above-guidelines sentence as procedurally and substantively unreasonable. We affirm.

Villarreal pleaded guilty without a plea agreement to conspiracy to distribute alprazolam, a Schedule IV controlled substance, in violation of 21 U.S.C. § 846. (RE 164, Order Accepting Guilty Plea, Page ID # 858-59; RE 255, Rearraignment Tr. 38, Page ID # 1221). The district court calculated Villarreal's guidelines range as zero to six months of imprisonment based on an offense level of 8 and a criminal history category of I. (RE 245, Presentence Report 11, Page ID # 1123; RE 259, Sentencing Tr. 95, Page ID # 1333). Varying upward from that range, the district court sentenced Villarreal to twelve months and one day of imprisonment, followed by

---

[*]The Honorable Thomas L. Ludington, United States District Judge for the Eastern District of Michigan, sitting by designation.

three years of supervised release. (RE 238, Judgment 2-3, Page ID # 1082-83; RE 259, Sentencing Tr. 95-101, Page ID # 1333-39).

We review Villarreal's sentence for reasonableness under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 46 (2007); *United States v. Battaglia*, 624 F.3d 348, 350 (6th Cir. 2010). Reasonableness review has both procedural and substantive components. *United States v. Adkins*, 729 F.3d 559, 571 (6th Cir. 2013).

We "must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Gall*, 552 U.S. at 51. Villarreal contends that her sentence is procedurally unreasonable because the district court (1) failed to state specific reasons for the upward variance and (2) ignored the impending amendment to the guidelines reducing by two levels the base offense level for most drug offenses. *See* USSG App. C, amend. 782 (Nov. 1, 2014).

"For a sentence to be procedurally reasonable, a district court must explain its reasoning to a sufficient degree to allow for meaningful appellate review." *United States v. Zobel*, 696 F.3d 558, 566 (6th Cir. 2012) (internal quotation marks omitted). If the sentence is outside the guidelines range, as in this case, the district court must state in open court and in a written statement of reasons the specific reasons for the departure or variance. 18 U.S.C. § 3553(c)(2); *Zobel*, 696 F.3d at 566.

After reviewing the § 3553(a) factors, the district court concluded that the nature and circumstances of Villarreal's offense warranted "a very small variance." (RE 259, Sentencing Tr.

99, Page ID # 1337). According to the presentence report, members of a drug trafficking organization travelled to Texas to obtain large amounts of alprazolam (a conservative estimate of 200,000 dose units) from Villarreal and her boyfriend and transported those pills to southeastern Kentucky and eastern Tennessee. (RE 245, Presentence Report 3-4, Page ID # 1115-16). When defense counsel requested specific findings as to the upward variance, the district court stated:

> The problem with this crime is it is a rather complicated drug conspiracy. It is a drug conspiracy that involves a drug that without question is viewed less seriously than others, but when it's related to a community in which there is such a serious drug problem, and particularly on this record as it relates to the relationship to even more serious drugs which are being abused in this particular community, I think a modest variance is appropriate in this particular case.

(RE 259, Sentencing Tr. 103-04, Page ID # 1341-42). The district court's written statement of reasons reiterated:

> There are no illusions that this crime is not a serious crime; it is a serious crime and requires a restriction of liberty to reflect the seriousness of the crime, but to also promote respect for the law and deter future criminal conduct. Crimes of this nature (diversion of drugs) are crimes which have an adverse impact on the community, a community which is already reeling from this type of offense. Crimes that harm the community must receive a just punishment. As a result, the Court believes the defendant must feel the sting of her liberty being taken away. An upward variance is appropriate based on the nature of the offense. It is a complicated drug conspiracy and a drug (Schedule IV) that is not viewed by many as a drug that is as dangerous as others that are being introduced into a community that is already reeling from drug diversion. All of these factors result in the need for a sentence with a slight upward variance from the guideline range.

(RE 245-1, Statement of Reasons, Page ID # 1132). The district court provided an adequate explanation for the upward variance.

Villarreal asserts that the district court discussed the general nature and circumstances of the offense without addressing her specific conduct and points out that her co-defendant Sherrill King had the same offense level, criminal history category, and guidelines range but received a within-guidelines sentence of six months. The district court, however, found that King was a

minor participant. (RE 259, Sentencing Tr. 26, Page ID # 1264). As the government stated at sentencing: "Sherrill King's role was making travel arrangements and assisting his brother. Ms. Villarreal is part of the source of supply, the chain of supply for these pills coming in." (*Id*. at 56, Page ID # 1294). Contrary to Villarreal's argument, King was differently situated.

Villarreal also contends that her sentence is procedurally unreasonable because the district court failed to consider the policy implications of an impending guidelines amendment that would have reduced her offense level by two. We review for plain error, because Villarreal did not preserve this argument by raising it at the district court after the court gave her the opportunity to raise any objections to her sentence. R. 259 at 103-04; *United States v. Vonner*, 516 F.3d 382, 385 (6th Cir. 2008) (en banc). Under plain-error review Villarreal must show, among other things, that any error affected her substantial rights. *Id*. at 386. Here, Villarreal's guidelines range would have been the same under either the old or new guidelines, as the district court noted. R. 259 at 33-34. And given the court's extensive explanation for varying upwards, Villarreal suffered no prejudice from the court's failure to address the policy implications of the pending drug-offender amendments.

"For a sentence to be substantively reasonable, it must be proportionate to the seriousness of the circumstances of the offense and offender, and sufficient but not greater than necessary, to comply with the purposes of § 3553(a)." *United States v. Vowell*, 516 F.3d 503, 512 (6th Cir. 2008) (internal quotation marks omitted). Where, as in this case, the district court imposes a sentence outside the guidelines range, we "may consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Gall*, 552 U.S. at 51. "A sentence may be considered substantively unreasonable when the district court selects a sentence arbitrarily, bases the sentence on

impermissible factors, fails to consider relevant sentencing factors, or gives an unreasonable amount of weight to any pertinent factor." *United States v. Conatser*, 514 F.3d 508, 520 (6th Cir. 2008). Villarreal contends that her sentence is substantively unreasonable because the district court (1) gave an unreasonable amount of weight to the nature and circumstances of the offense and (2) created an unwarranted sentencing disparity between her and King.

Villarreal asserts that the district court based the upward variance on the nature and circumstances of the offense, specifically the harmful effects of the unlawful distribution of alprazolam on the community, which she contends were already taken into account by the guidelines. "That a circumstance was addressed in the Guidelines, however, does not prevent the district court from considering it under section 3553(a), so long as the court explains why the circumstance warrants additional weight with regard to that particular defendant's sentence." *United States v. Nixon*, 664 F.3d 624, 626 (6th Cir. 2011); *see United States v. Tristan-Madrigal*, 601 F.3d 629, 635 n.1 (6th Cir. 2010). Villarreal argues that the district court could not impose an above-guidelines sentence based on a disagreement with the guidelines for alprazolam offenses. But district courts may vary from the guidelines based on a policy disagreement. *See United States v. Camacho-Arellano*, 614 F.3d 244, 250 (6th Cir. 2010); *United States v. Herrera-Zuniga*, 571 F.3d 568, 585 (6th Cir. 2009). According to Villarreal, the district court gave too little weight to her minor role in the offense and her lack of danger to the public. Villarreal essentially argues that the district court should have weighed the § 3553(a) factors differently. But we look to whether a district court's sentence is reasonable, not whether we would have imposed the same sentence in the first instance. *United States v. Sexton*, 512 F.3d 326, 332 (6th Cir. 2008). Here, it was reasonable for the court to conclude that the seriousness of Villarreal's offense—she participated in a conspiracy that transported several hundred thousand pills across

state lines—warranted a slight upward variance, regardless of whether we would have weighed the § 3553(a) factors differently.

Villarreal finally contends that the upward variance created an unwarranted disparity with King's six-month sentence. "We have explained, however, that [the need to avoid unwarranted sentence disparities] concerns *national* disparities between defendants with similar criminal histories convicted of similar criminal conduct—not disparities between codefendants." *Conatser*, 514 F.3d at 521. The district court specifically found that King was a minor participant and did not make such a finding with respect to Villarreal. (RE 259, Sentencing Tr. 26, Page ID # 1264). The different roles that Villarreal and King played in the conspiracy— supplier versus travel agent—justified the disparity between their sentences. (*Id*. at 56, Page ID # 1294).

For the foregoing reasons, we affirm Villarreal's sentence as procedurally and substantively reasonable.