NOT RECOMMENDED FOR PUBLICATION
File Name: 16a0678n.06
No. 15-5774

FILED
Dec 15, 2016
DEBORAH S. HUNT, Clerk

## UNITED STATES COURTS OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| JESUS LIZARRARAS-ESTUDILLO, | ) | DISTRICT OF KENTUCKY |
| | ) | |
| Defendant-Appellant. | ) | |

**BEFORE: MOORE, SUTTON, and WHITE, Circuit Judges.**

**HELENE N. WHITE, Circuit Judge.** Jesus Lizarraras-Estudillo pleaded guilty to a single count of conspiracy to distribute heroin. After calculating his advisory guideline range at 63 to 78 months' imprisonment, the district court imposed a 102-month sentence. Lizarraras-Estudillo now appeals, asserting that his above-guideline sentence was unreasonable. We **AFFIRM**.

I

Lizarraras-Estudillo is a citizen of Mexico. He was indicted as a member of a black-tar heroin distribution ring active in the Eastern District of Kentucky, along with Israel Gonzalez-Pasos, Tamara Wombles, Duran Wombles, and Lauren Summers. Immediately before Lizarraras-Estudillo's trial was to begin, the Government and Lizarraras-Estudillo's attorney informed the district court that he would plead guilty pursuant to a plea agreement. Lizarraras-Estudillo pleaded guilty through an interpreter to one count of conspiracy to distribute heroin, in

violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846. In his plea agreement, Lizarraras-Estudillo admitted that he was responsible for a kilogram or more in connection with this conspiracy. At sentencing six months later, Lizarraras-Estudillo was sentenced to 102 months' imprisonment, an upward variance from the 63-to-78-month guideline range calculated by the district court.[1]

In his plea agreement, Lizarraras-Estudillo admitted that between October 2013 and March 2014 he was engaged in a conspiracy with Gonzalez-Pasos, Summers, and both Wombleses to distribute heroin in the Eastern District of Kentucky. Lizarraras-Estudillo personally supplied heroin-containing balloons to his co-conspirators, who then distributed the balloons to retail customers. In January 2014, co-conspirator Gonzalez-Pasos returned to Mexico, his native country. There, Gonzalez-Pasos arranged for a co-conspirator to obtain a "load" of heroin in Chicago. *Plea Agreement,* R. 151, at 2. The co-conspirator drove to Chicago, obtained the heroin, and then left the bulk of it with Lizarraras-Estudillo at his apartment in Lexington, Kentucky. Law enforcement became aware of the conspiracy through confidential informants and a series of controlled purchases. When law enforcement searched Lizarraras-Estudillo's apartment they recovered 600 grams of heroin, much of it individually packaged in balloons. Before pleading guilty to the instant offense, Lizarraras-Estudillo had no criminal history, although he did enter the United States unlawfully.

II

Lizarraras-Estudillo's sole argument on appeal is that his above-guideline sentence was unreasonable. We review the reasonableness of a sentence for abuse of discretion. *United States v. Bolds*, 511 F.3d. 568, 578 (6th Cir. 2007) (citing *Gall v. United States*, 552 U.S. 38, 41 (2007)). A sentence must be "adequate, but not greater than necessary to accomplish the

---

[1] In calculating this guideline range, the district court applied 18 U.S.C. § 3553(f).

sentencing goals identified by Congress in 18 U.S.C. § 3553(a)." *United States v. Cochrane*, 702 F.3d 334, 345 (6th Cir. 2012) (internal quotation omitted). A sentence must also be "proportionate to the seriousness of the circumstances surrounding the offense and offender," *United States v. Smith*, 505 F.3d 463, 470 (6th Cir. 2007) (internal quotation omitted), and it may not be imposed arbitrarily, based on impermissible sentencing factors, or without consideration of relevant sentencing factors. *United States v. Conatser*, 514 F.3d 508, 520 (6th Cir. 2008). A sentencing court must not give unreasonable weight to a factor. *Id.* Reasonableness also has a procedural component. We must ensure that the district court committed no significant procedural error, such as failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence. *Gall*, 552 U.S. at 51.

In determining whether this 24-month deviation from the top of the advisory guideline was reasonable, we must consider the degree of deviation and the justifications given by the district court for imposing the variant sentence. *United States v. Herrera-Zuniga*, 571 F.3d 568, 582 (6th Cir. 2009).

The district court explained that in considering the § 3553(a) factors, it found that the public-health dangers posed by black-tar heroin's recent introduction into the community made Lizarraras-Estudillo's conduct especially serious. This conduct, the court reasoned, required an upward variance in order to send a message of deterrence. The court also found that Lizarraras-Estudillo's relatively stable background (exemplified by a moderate educational attainment and lack of substance-abuse history) meant his decision to enter the United States unlawfully and traffic drugs was profit-driven. This, in the court's view, also made his conduct more serious than others who commit heroin-related crimes.

On appeal, Lizarraras-Estudillo argues that the Sentencing Commission had the opportunity to consider the effects of black-tar heroin and chose not to attach a sentencing enhancement to the drug.[2] Because the commission is in a better position than the district court to make policy judgments, Lizarraras-Estudillo argues, the district court should not have attached weight, and certainly not substantial weight, to the type of heroin involved. We disagree. The district court was within its discretion to take note of the impact of black-tar heroin in its own community and the pressing need to deter those like Lizarraras-Estudillo whose motivations are largely economic and particularly subject to deterrence. *Cf. United States v. Nixon*, 664 F.3d 624, 626 (6th Cir. 2011) ("That a circumstance was addressed in the Guidelines, however, does not prevent the district court from considering it under section 3553(a), so long as the court explains why the circumstance warrants additional weight with regard to that particular defendant's sentence."); *United States v. McBride*, 434 F.3d 470, 475 (6th Cir. 2006) ("In section 3553(a), there are numerous factors for a court to consider, and . . . the Sentencing Guideline range is one of those factors. That is, while the Guidelines remain important, they are now just one of the numerous factors that a district court must consider when sentencing a defendant.").

Lizarraras-Estudillo contends that a sentence within the guideline range, rather than one 24 to 39 months higher, would have been sufficient to achieve specific and general deterrence. He argues that the heightened sentence will not deter others but will simply increase his punishment. This is a matter committed to the district court's discretion, however. *Bolds*, 511 F.3d at 578. We give "due deference to the [d]istrict [c]ourt's reasoned and reasonable decision that the § 3553(a) factors, on the whole, justified the sentence." *Gall,* 552 U.S. at 59–60. Our role is to consider whether the district court abused that discretion by imposing an

---

[2] The Sentencing Guidelines do not distinguish heroin based on what form it takes. *See* U.S.S.G. § 2D1.1.

upward variance to achieve deterrence, and we conclude that its findings sufficiently justified the variance.

III

For the reasons set forth above, we **AFFIRM** the judgment of the district court.