NOT RECOMMENDED FOR PUBLICATION
File Name: 18a0367n.06

No. 17-6047

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Jul 24, 2018
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF KENTUCKY |
| TRACEY THOMAS, | ) | |
| | ) | OPINION |
| Defendant-Appellant. | ) | |

Before: GUY, BATCHELDER, and BUSH, Circuit Judges.

**JOHN K. BUSH, Circuit Judge.** In 2016, Defendant-Appellant Tracey Thomas sold and helped arrange the sale of at least 160 grams of crack cocaine on several occasions to a cooperating witness at or near Thomas's residence in Paris, Kentucky. Thomas was arrested and subsequently pled guilty to conspiring to distribute crack cocaine, in violation of 21 U.S.C. § 846. After the district court sustained Thomas's objection to a Sentencing Guidelines enhancement, the court recalculated the advisory Guidelines range. The recalculated Guidelines range recommended a sentence of 92 to 115 months. Because the statutory mandatory minimum was 120 months of imprisonment, the Guidelines Sentence was 120 months, and Thomas requested a sentence of 120 months. The district court disagreed with that recommendation and sentenced Thomas to 144 months of imprisonment. Thomas now challenges his sentence. We find that the district court's sentence was reasonable, so we **AFFIRM**.

During sentencing, the district court explained that its "big[gest] concern" was with the "nature of [Thomas's] criminal history." In particular, the court noted that Thomas had been in and out of prison since the age of 27 and his prior offenses all involved violence. Moreover, "when

he served a period of incarceration, [Thomas] violated conditions of his probation or release, or he[] committed other offenses relatively soon after being released . . . ." Thus, the court found that "there's an indication . . . that it's necessary for the court to impose a lengthy sentence that will protect the public because [Thomas has] shown an inclination not to stop" and there is nothing in the record to demonstrate that Thomas had a sudden realization that he needed to change his actions. Defense counsel argued that because Thomas will be in his 60s when he is released, his rate of recidivism will be low. The court acknowledged this, but weighed it against Thomas's criminal history.

The court then heard from Thomas himself. Thomas told the court that he was sorry about his past, but that was "because I've been in the wrong place at the wrong time" and "a whole lot [has] been put into overdraft [in the PSR] . . . to where they want to make me look really bad . . . ." Thomas attempted to explain what "really happened" in each of his previous convictions. He also stated that he did not see himself as a drug dealer, but rather has a drug user and middle-man helping people with their drug withdrawal by providing them with drugs.

Thomas argues that his sentence is substantively unreasonable because, *inter alia*: the court relied solely on Thomas's criminal history and risk of recidivism, and no other facts specific to his case, which were already accounted for in the Guidelines calculation; Thomas's conviction is a "garden variety" offense and thus, his above-Guidelines sentence is disproportionate; the offense at issue is Thomas's first federal conviction; the district court unfairly relied on Thomas's inarticulate statements given Thomas's lack of education; and the court failed to take into account mitigating factors.

We review Thomas's above-Guidelines sentence using a "deferential abuse-of-discretion standard." *United States v. Bolds*, 511 F.3d 568, 578 (6th Cir. 2007) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). A sentence may be substantively unreasonable where a district court selects it arbitrarily, fails to consider pertinent factors in 18 U.S.C. § 3553(a), or gives unreasonable weight to any one factor. *United States v. Nixon*, 664 F.3d 624, 626 (6th Cir. 2011) (citing *United*

*States v. Denny*, 653 F.3d 415, 424 (6th Cir. 2011)). A substantively reasonable sentence must, considering the "totality of circumstances," "be proportionate to the seriousness of the circumstances of the offense and offender, and sufficient but not greater than necessary, to comply with the purposes of § 3553(a)." *United States v. Melchor*, 515 F. App'x 444, 446–47 (6th Cir. 2013) (quoting *United States v. Vowell*, 516 F.3d 503, 512 (6th Cir. 2008)); *United States v. Tristan-Madrigal*, 601 F.3d 629, 633 (6th Cir. 2010) (quoting *Gall*, 552 U.S. at 51).

"The defendant shoulders the burden of showing substantive unreasonableness," *United States v. Woodard*, 638 F.3d 506, 510 (6th Cir. 2011), as this court does not "second guess the individualized sentencing discretion of the district court when it appropriately relies on the § 3553(a) factors in granting a downward or upward variance." *United States v. Davis*, 537 F.3d 611, 618 (6th Cir. 2008). "When a district court considers the relevant 3553(a) factors in-depth and reaches its determination that the appropriate sentence varies outside the advisory guidelines range, we are very reluctant to find the sentence unreasonable." *United States v. Wendlandt*, 714 F.3d 388, 397 (6th Cir. 2013) (citation omitted). "That an appellate court might have imposed a different sentence is not an appropriate basis for reversal." *Nixon*, 664 F.3d at 626 (citing *Gall*, 552 U.S. at 51); *see also United States v. Collington,* 461 F.3d 805, 811 (6th Cir. 2006) (holding that when the district court has considered the relevant § 3553(a) factors in-depth, the appellate court should not substitute its judgment for that of the district court regarding how long the defendant should serve).

Here, the district court did not abuse its discretion. The court explained its sentence—including its decision to vary from the Guidelines—by analyzing the "pattern of conduct over the course of [Thomas's] life," and finding that Thomas demonstrated a "pattern of disrespect over his adult life" and a pattern of violent criminal activity, as well as an increased risk of recidivism because he repeatedly violated his conditions of probation or release, or committed other offenses relatively soon after being released. 18 U.S.C. § 3553(a)(2)(A) ("The court shall impose a sentence sufficient, but not greater than necessary . . . to promote respect for the law").

Thus, "the court found that [Thomas] was a repeat offender[, not a first time offender, as he argues] and that the Guidelines' criminal history calculation understated his criminal record. Those observations went to [Thomas's] history and characteristics and were proper under section 3553(a)(1)." *Nixon*, 664 F.3d at 626.[1] Though Thomas argues that it was impermissible for the district court to vary upwards because his Guidelines range already included his criminal history, we rejected such an argument in *Nixon*, holding "[t]hat a circumstance was addressed in the Guidelines, however, does not prevent the district court from considering it under section 3553(a), so long as the court explains why the circumstance warrants additional weight with regard to that particular defendant's sentence." *Id.* Here, the district court not only explained that the violent nature of Thomas's prior offenses was of concern, as well as Thomas's proclivity for offending as soon as he left incarceration, but also that Thomas did not demonstrate that he has taken responsibility for his actions.

The district court also explained that it varied above the Guidelines because Thomas's prior court convictions failed to deter him from further criminal conduct and the court found that Thomas was a danger to the public:

> [U]nder the unique circumstances presented by this defendant, I don't think it's sufficient for specific deterrence to prevent him from engaging in similar conduct in the future.
>
> While he and his counsel have made arguments that he's finished with the life of criminal activity, there's no objective criteria that would help the court reach that conclusion. The facts are just the opposite. The evidence in the case is just the opposite.
>
> He does present a significant danger to the public.

---

[1] In fact, the district court's analysis of the nature of Thomas's prior criminal history did not rely upon Thomas's own statements from the sentencing hearing; consequently, Thomas's argument that the district court relied too heavily on his own statements has no factual basis, and Thomas has cited no legal basis to support the argument either.

Furthermore, that the district court relied upon the nature of Thomas's prior criminal history, including its pattern and frequency after Thomas has been released from incarceration, in addition to the need for deterrence, distinguishes Thomas's case from that of *United States v. Poynter*, in which "[t]he primary ground" for the court's holding was that "the court wanted to prevent [the defendant] from ever committing [the] crime again." 495 F.3d 349, 353 (6th Cir. 2007). Moreover, as the government points out, there are concerns with *Poynter* in light of the Supreme Court's decision in *Gall*.

* * *

> And, therefore, I do find that it is necessary to impose a variance in this particular case to provide not only specific deterrence but also to protect the public from future crimes of the defendant, because he's shown in the past a tendency towards violence. He's attempted to explain it away, but his explanations are not believable.

Both deterrence and protection of the public are bases for proper consideration under § 3553(a)(2)(B) and (C). *See Nixon*, 664 F.3d at 626; *see also Melchor*, 515 F.App'x at 447 ("Under 18 U.S.C. § 3553(a), the district court should consider deterrence and protection of the public when assigning a sentence. 18 U.S.C. § 3553(a)(2010). And this Court has not hesitated to affirm reasonable upward variances based on potential for recidivism in the past."); *Bolds*, 511 F.3d at 582 ("The district court noted in detail the nature and circumstances of [the defendant's] conduct in violating the terms of her supervised release, considering in particular her numerous failures to appear for drug screening, the facts of her shoplifting offense, and [the defendant's] drug problem. The district court also recognized the need for the sentence to protect the public . . . based on [the defendant's] failure to accept responsibility for her actions and the need to deter others . . . .") (internal citations and quotation omitted).

Thomas also argues on appeal that the district court did not accord credit to mitigating factors in favor of providing Thomas with a lesser sentence. Thomas is incorrect. First, the district court explicitly noted on the record that it reviewed Thomas's work history and his reference to continued support from his family and friends. However, the district court explained that these factors were not compelling for numerous reasons, including the fact that Thomas continued to engage in criminal activity despite enjoying his work and having the support of family and friends. The court also recognized defense counsel's argument that older defendants have lower recidivism rates and weighed it against the court's finding that defendants who have lengthy criminal histories, such as Thomas, have higher recidivism rates. Based on such consideration by the district court, we cannot say that the sentence was unreasonable. *See United States v. Wolcott*, 483 F. App'x 980, 989 (6th Cir. 2012) ("Although [the defendant] may have wanted the district court to show even greater leniency based on his age and health, the court's decision not to do so does not

render the sentence unreasonable.") Accordingly, the district court engaged in the balancing called for by § 3553(a). Finally, "[a]lthough these [mitigating] considerations might support a lower sentence, they do not compel one, and that is all we have license to consider." *United States v. Overmyer*, 663 F.3d 862, 864 (6th Cir. 2011); *see also United States v. Jackson*, 466 F.3d 537, 540 (6th Cir. 2006) ("The fact that the district court did not give the defendant the exact sentence he sought is not a cognizable basis to appeal, particularly where the district court followed the mandate of section 3553(a) in all relevant respects.").

The district court did not abuse its discretion. We therefore **AFFIRM** the district court's sentence.