NOT RECOMMENDED FOR PUBLICATION
File Name: 20a0037n.06

No. 19-3362

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Jan 23, 2020
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE |
| ALEXANDER GRANT, | ) | NORTHERN DISTRICT OF |
| | ) | OHIO |
| Defendant-Appellant. | ) | |
| | ) | |

Before: ROGERS, KETHLEDGE, and LARSEN, Circuit Judges.

KETHLEDGE, Circuit Judge. Alexander Grant pled guilty to one count of being a felon in possession of a firearm. He now argues that his above-Guidelines sentence was procedurally and substantively unreasonable. We reject his arguments and affirm.

In June 2018, Cleveland police officers responded to a report that Grant had a gun and had punched a woman, Toshiba Carter, three times in the face. Officers soon found Grant with another woman, Destiny Oglesby, in a car parked near his home. Grant admitted that he was carrying some "party drugs," which turned out to be marijuana and crack cocaine. He also said that he knew why the officers were there, and yelled at Oglesby to call Carter; the officers then warned Grant that any attempt to threaten or intimidate Carter would be illegal. The officers searched Grant's car and found a holster and a round of ammunition. They also searched Oglesby's purse and found a Ruger .40-caliber pistol with 13 rounds in the magazine and a round in the chamber. Grant admitted that the pistol was his, and the officers arrested him.

Grant eventually pled guilty to one count of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). The district court thereafter notified Grant that it was considering an upward variance under 18 U.S.C. § 3553. At sentencing, the court determined that Grant's Guidelines range was 51 to 63 months' imprisonment. The court then addressed at some length the § 3553(a) factors: the circumstances in which Grant possessed the pistol; his lengthy criminal history, which included 16 federal felony convictions in 16 years; and that a state court had recently sentenced Grant to 54 months' imprisonment for sexual battery of a minor. The court said a longer sentence would deter Grant and protect the public, and noted that "the average sentence nationally for offenses involving firearms at [the same] criminal history category" was 93 months. The court thus imposed an above-Guidelines sentence of 93 months' imprisonment, to run consecutive to Grant's state sentence. This appeal followed.

Grant argues that his sentence was procedurally unreasonable on two grounds; Grant raised neither ground at sentencing, so we review only for plain error. *See United States v. Bostic*, 371 F.3d 865, 872–73 (6th Cir. 2004).

First, Grant contends that the district court did not adequately explain its decision to make its sentence consecutive to the state one. A district court adequately explains a sentence when "it addresses the factors from 18 U.S.C. § 3553(a) that are relevant" to the decision. *United States v. Solano-Rosales*, 781 F.3d 345, 351 (6th Cir. 2015); *see* 18 U.S.C. § 3584(a)–(b). Here, the court said that the sentence was for altogether different conduct than the state crime, so "a separate punishment [was] needed." *See* 18 U.S.C. § 3553(a)(2)(A). The court also said that it based the sentence on the "overall offense conduct" and Grant's "prior record involving guns as well as the dangers that [he] poses to our community." *See id*. § 3553(a)(1), (a)(2)(C). Thus, taken as a whole,

the district court made clear its rationale for imposing the consecutive sentence—which means that its explanation was adequate. *See United States v. Owens*, 159 F.3d 221, 230 (6th Cir. 1998).

Second, Grant contends that the court improperly relied on the average national sentence without providing that statistic to Grant in advance of the hearing. A sentence is procedurally unreasonable when, among other things, the court relies on facts that surprise the defendant. *See United States v. Coppenger*, 775 F.3d 799, 804 (6th Cir. 2015). Here, § 3553(a) expressly directs the court to consider national sentencing disparities. *See* 18 U.S.C. § 3553(a)(6); *United States v. Conatser*, 514 F.3d 508, 521 (6th Cir. 2008). Grant therefore should not have been surprised that the court did precisely that when it considered national statistics relevant to his offense and criminal-history score. The statistic in question is found at *Sourcebook of Federal Sentencing Statistics* 34 (2017). And nothing prevented Grant from providing the district court then with all the statistical arguments he presents to us now. The district court did not plainly err.

Grant next challenges the substantive reasonableness of his sentence, which we review for an abuse of discretion. *United States v. O'Georgia*, 569 F.3d 281, 288 (6th Cir. 2009). A sentence is substantively unreasonable when the district court gives unreasonable weight to any of the § 3553(a) factors. *United States v. Nixon*, 664 F.3d 624, 626 (6th Cir. 2011).

Grant argues that the district court placed too much weight on the 93-month average national sentence. But the record makes clear that the court cited that statistic—in the context of avoiding sentencing disparities—merely as one of multiple § 3553(a) factors that supported an upward variance. *See* 18 U.S.C. § 3553(a)(6). The court did not give this factor unreasonable weight. *Cf. United States v. Elmore*, 743 F.3d 1068, 1076 (6th Cir. 2014); *see, e.g.*, *United States v. Clemons*, 757 F. App'x 413, 422 (6th Cir. 2018).

Finally, Grant argues that the district court gave unreasonable weight to his criminal history, given that his criminal-history score already accounted for his 16 prior convictions. That the Guidelines address a particular circumstance does not bar the district court from assigning that circumstance additional significance under § 3553(a), so long as the court explains its reasons for doing so. *See Nixon*, 664 F.3d at 626. Here, the court said—correctly—that Grant had received "relatively light sentences" for his 16 prior felonies in the preceding 16 years. And the court added that a longer sentence for this crime would "deter [Grant] and prevent him from continuing the pattern . . . [of] violating the law with drugs and firearms." Grant's sentence was substantively reasonable.

The district court's judgment is affirmed.