NOT RECOMMENDED FOR PUBLICATION
File Name: 20a0116n.06

No. 19-3598

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
| | ) | Feb 24, 2020 |
| Plaintiff-Appellee, | ) | DEBORAH S. HUNT, Clerk |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE |
| MIQUEL D. JONES, | ) | NORTHERN DISTRICT OF |
| | ) | OHIO |
| Defendant-Appellant. | ) | |
| | ) | |

Before: DAUGHTREY, KETHLEDGE, and THAPAR, Circuit Judges.

KETHLEDGE, Circuit Judge. Miquel Jones pled guilty to one count of being a felon in possession of a firearm. He now argues that his modestly above-Guidelines sentence was substantively and procedurally unreasonable. We reject his arguments and affirm.

In April 2018, Jones—a 48-year-old felon—invited a 16-year-old runaway, C.F., to stay at his house. After C.F. moved in, Jones prevented her from leaving the house, gave her crack cocaine, took photographs and videos of her naked, and had sex with her while she was high. C.F.'s father heard that she was living with Jones, and went to Jones's house to check on her and to confront him about it. Jones showed the father a handgun and a sawed-off shotgun; the father then reported Jones to the police.

By the next day, officers were surveilling Jones's house. That afternoon, Jones and C.F. drove away from his house; while officers followed, Jones sped on an interstate, exited abruptly, and made a U-turn. The officers suspected that Jones knew they were following him, so they turned on their emergency lights. Jones then made several U-turns and sped away, running a red

light in the process. The officers ended their pursuit out of concern for public safety, and returned to Jones's house to continue their surveillance.

A few hours later—after Jones and C.F. had returned, and after the officers had obtained a search warrant—the officers arrested Jones and searched his house. They found two cell phones with videos and images of C.F. naked; drug paraphernalia; a 12-gauge shotgun; and a 9mm handgun with 16 rounds of ammunition in the clip. Jones eventually pled guilty to one count of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1).

At sentencing, the district court determined that Jones's Guidelines range was 30 to 37 months' imprisonment. The court then addressed facts relevant to the 18 U.S.C. § 3553(a) factors, including Jones's criminal history; his struggles with addiction, mental illness, and a difficult childhood; the circumstances in which Jones possessed the guns; his abuse of C.F.; and the dangers posed by his flight from the police. *See* 18 U.S.C. § 3553(a)(1)–(2). The court also stated, mistakenly, that "the average sentence nationally for offenses involving felon in possession of a firearm with [the same criminal-history category] is 56 months." (The correct average is 26 months; 56 months is the average sentence for federal firearm offenses generally.) The court eventually varied upward 5 months and imposed a sentence of 42 months' imprisonment. This appeal followed.

Jones challenges the substantive reasonableness of his sentence, which we review for an abuse of discretion. *United States v. O'Georgia*, 569 F.3d 281, 288 (6th Cir. 2009). A sentence is substantively unreasonable when the district court gives unreasonable weight to any of the § 3553(a) factors. *United States v. Nixon*, 664 F.3d 624, 626 (6th Cir. 2011).

Jones argues that the district court placed too much weight on his abuse of C.F. We think the district court amply explained the significance it attributed to this factor, given Jones's sexual

abuse of C.F. and the danger in which he placed her. Moreover, the court also cited other factors supporting a variance—including that Jones threatened C.F.'s father and endangered others when he evaded the police.

Jones also argues that the district court put too little weight on aspects of his "history and characteristics" that he sees as mitigating. *See* 18 U.S.C. § 3553(a)(1). But the record shows that the court specifically considered Jones's mental illness, drug addiction, and difficult childhood; and the court said that the "sentence tends to go down when I hear those mitigating factors." Yet the court was required to balance those circumstances against other § 3553(a) factors, such as the need to deter crime and protect the public. *See* 18 U.S.C. § 3553(a); *United States v. Sexton*, 512 F.3d 326, 332 (6th Cir. 2008). The balance struck by the court fell well within its discretion.

Finally, Jones argues that his sentence was procedurally unreasonable because the district court relied on an incorrect sentencing statistic. Jones did not raise this argument at sentencing, however, so we review only for plain error. *See United States v. Bostic*, 371 F.3d 865, 872–73 (6th Cir. 2004). Under that standard, Jones must show (among other things) that the alleged error affected his substantial rights, *i.e.*, that the district court's reliance on the statistic increased his sentence. *See United States v. Wilson*, 614 F.3d 219, 223 (6th Cir. 2010). Jones has not made that showing here: the district court mentioned the statistic only in passing, and the statistic found no mention in the court's recitation of the otherwise substantial reasons for the sentence it chose.

The district court's judgment is affirmed.