NOT RECOMMENDED FOR PUBLICATION
File Name: 20a0137n.06

No. 19-3403

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Mar 09, 2020
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE |
| WILLIAM L. WINE, JR., | ) | NORTHERN DISTRICT OF |
| | ) | OHIO |
| Defendant-Appellant. | ) | |
| | ) | |

Before: MOORE, KETHLEDGE, and BUSH, Circuit Judges.

KETHLEDGE, Circuit Judge. William Wine pled guilty to three counts of wire fraud. He now argues that his above-Guidelines sentence was substantively unreasonable. We reject his arguments and affirm.

From 1996 to 2005, Wine worked as a financial manager for actor Harry Dean Stanton. During that time, Wine stole nearly $1 million from Stanton. In 2006, the government uncovered Wine's scheme and charged him with wire fraud. Wine pled guilty and was sentenced to two years in prison, followed by three years of supervised release. While Wine was still on supervised release, he convinced his father and three other senior citizens to let him manage their retirement savings. One month after his release ended, Wine secretly began siphoning off the seniors' savings for his own personal use. Wine lied to the seniors and told them that his "investments" would result in higher retirement income; instead, the seniors lost almost all the money they had saved over the years—collectively, nearly $1 million. The seniors also faced severe tax liabilities,

totaling around $300,000. The losses left them entirely without the secure income that Wine had promised; they were forced to "beg and borrow" to get by. One victim sold his personal possessions to avoid losing his home. Wine's scheme also cost his father $750,000, forcing him to file for bankruptcy.

Wine eventually pled guilty to three counts of wire fraud, in violation of 18 U.S.C. § 1343. At sentencing, the district court determined that Wine's Guidelines range was 37 to 46 months' imprisonment but warned Wine that it was considering an upward variance. The court addressed at some length the 18 U.S.C. § 3553 factors: the circumstances of Wine's fraud, including the age of his victims and the trust that they placed in him; Wine's prior fraud conviction; the extraordinary harm that Wine had caused; and the need to "protect other victims[.]" The court thus imposed an above-Guidelines sentence of 120 months' imprisonment. This appeal followed.

Wine argues that his sentence was unreasonable on two grounds. Although he labels one ground as procedural, both actually challenge the substantive reasonableness of his sentence, which we review for an abuse of discretion. *United States v. O'Georgia*, 569 F.3d 281, 288 (6th Cir. 2009). A sentence is substantively unreasonable when the district court gives unreasonable weight to any of the § 3553 factors. *United States v. Nixon*, 664 F.3d 624, 626 (6th Cir. 2011).

First, Wine argues that the district court abused its discretion when it based its upward variance on criminal history that Wine says was already fully accounted for in his Guidelines range. That the Guidelines address a particular circumstance, however, does not bar the district court from assigning it additional significance under § 3553. *See id.*; *United States v. Tristan-Madrigal*, 601 F.3d 629, 635–36 & n.1 (6th Cir. 2010). Here, the court explained that Wine's sentence for his prior fraud had been lenient, and that Wine had committed the very same crime one month after his supervised release had ended. Moreover, at sentencing, Wine showed no

remorse notwithstanding the "emotional statements of [his] victims." Thus, the court reasoned, Wine would likely commit his crimes yet again unless deterred by a longer sentence. *Cf. United States v. Polihonki*, 543 F.3d 318, 326 (6th Cir. 2008). The court therefore adequately distinguished Wine's fraud from the average case. *See United States v. Boucher*, 937 F.3d 702, 708 (6th Cir. 2019).

Second, Wine argues that the district court emphasized his criminal history to the exclusion of the other § 3553 factors. But the record shows that the court instead treated Wine's criminal history as simply one of several factors that supported an upward variance. *See* 18 U.S.C. § 3553(a)(1); *see also United States v. Sexton*, 512 F.3d 326, 332 (6th Cir. 2008). The court also emphasized the serious harm that Wine's offense caused his victims, particularly the fact that some of them had lost their entire savings without any hope of recovery—a fact not accounted for in the Guidelines. *See* 18 U.S.C. § 3553(a)(2)(A). And the court added that a lengthy sentence would "protect other victims[.]" *See id.* § 3553(a)(2)(C). Wine's sentence was substantively reasonable.

The district court's judgment is affirmed.