NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0537n.06

Case No. 20-4238

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Nov 23, 2021
DEBORAH S. HUNT, Clerk

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

NATHANIEL HOULE, JR.,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO

BEFORE: DONALD, THAPAR, and LARSEN, Circuit Judges.

THAPAR, Circuit Judge. A district court sentenced Nathaniel Houle to within-Guidelines terms of imprisonment and supervised release. Houle argues his sentence is substantively unreasonable. It isn't. So we affirm.

I.

Nathaniel Houle, a mid-level dealer in a drug-trafficking ring, sold heroin and fentanyl mixtures to a confidential informant on three separate occasions. Houle executed each sale while he was on probation for state crimes. In fact, he made the second sale right after meeting his probation officer for a drug test. And he completed the third sale at home with his two-year-old daughter around. Indeed, Houle asked the confidential informant to bring his daughter a "happy meal" in exchange for some marijuana. R. 531, Pg. ID 3612. During the sale, he noted that his

daughter had been playing with the marijuana bag while he was asleep. A few days later, federal agents searched his home and found items consistent with drug distribution—ammunition, money, substances they believed were cutting agents, marijuana, and digital scales.

Houle pled guilty to drug-trafficking charges. And the district court sentenced him to 80 months in prison after calculating a Guidelines range of 70 to 87 months. It also imposed a five-year term of supervised release. Houle appeals, arguing that his sentence is substantively unreasonable.

II.

To prove his sentence is substantively unreasonable, Houle must show the district court abused its discretion. *See United States v. Nixon*, 664 F.3d 624, 625–26 (6th Cir. 2011). That's usually a tough task. But here, it's even tougher: Houle's sentence falls within the Guidelines range, so we presume it's reasonable. *See United States v. Vonner*, 516 F.3d 382, 389 (6th Cir. 2008) (en banc).

In this case, the district court considered the relevant sentencing factors. The court emphasized the nature and circumstances of Houle's offense, pointing out the irresponsibility of both dealing a "deadly drug" like fentanyl and doing so around his young daughter. R. 615, Pg. ID 4209–11. It noted his history and characteristics—the fact that he continued to deal drugs even on probation for his state crimes, and his struggle with substance abuse. The court also emphasized the heightened need for both individual and public deterrence with a dangerous drug like fentanyl. Taken together, the court concluded that an 80-month sentence followed by a five-year term of supervised release was appropriate.

Despite the district court's thoughtful analysis, Houle argues that his sentence is substantively unreasonable for three reasons. First, he suggests that the district court didn't

adequately account for his history and characteristics. Yet he doesn't identify anything about his history or characteristics that the district court didn't consider.

Second, Houle points out that a co-defendant with the same Guidelines range received only a 60-month sentence. But that defendant dealt cocaine—not heroin and fentanyl—and did so for a shorter period of time. And regardless, § 3553(a) doesn't require courts to consider a sentencing disparity between co-defendants. *See United States v. Simmons*, 501 F.3d 620, 623–24 (6th Cir. 2007).

Finally, Houle contends that a 70-month sentence with only a three-year term of supervised release would have adequately fulfilled the purposes of § 3553(a). But it's not our job to sentence Houle in the first instance. *United States v. Ely*, 468 F.3d 399, 404 (6th Cir. 2006). And the district court doesn't need to explain why it rejected alternative sentences. *See Vonner*, 516 F.3d at 387.

At bottom, Houle asks us to balance the § 3553(a) factors differently than the district court did. But that is "simply beyond the scope of our appellate review." *Ely*, 468 F.3d at 404. Since Houle has failed to rebut the presumption of reasonableness, we affirm.