NOT RECOMMENDED FOR PUBLICATION
File Name: 26a0185n.06

Case No. 25-3486

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED**<br>Apr 23, 2026<br>KELLY L. STEPHENS, Clerk |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO |
| DEANDRE CROCKETT, | ) | |
| Defendant-Appellant. | ) | |
| | ) | OPINION |

Before: SUTTON, Chief Judge; CLAY and MURPHY, Circuit Judges.

SUTTON, Chief Judge. Deandre Crockett pleaded guilty to distributing fentanyl and methamphetamine. The Sentencing Guidelines recommended a sentence of 100 to 125 months' imprisonment. The district court sentenced Crockett to 131 months. Crockett appeals his sentence as substantively unreasonable. Because the district court did not abuse its discretion, we affirm.

In July 2024, state law enforcement learned from a confidential informant that Crockett was peddling drugs. The police directed the informant to set up a series of controlled buys with Crockett. Over the next three weeks, Crockett met with the informant five times, selling a total of 110 grams of methamphetamine and 20 grams of fentanyl. During the last of these buys, Crockett met with the informant, went into an apartment, and returned with fentanyl. Two days later, state law enforcement and U.S. Marshals executed a search warrant at the apartment. They found

fentanyl, cocaine, and marijuana stashed throughout the apartment plus cash, several plastic bags, and a digital scale.

A grand jury charged Crockett with two counts of distributing methamphetamine and four counts of distributing fentanyl. Crockett pleaded guilty to all six counts.

At sentencing, the district court calculated Crockett's advisory guidelines range as 100 to 125 months. The court acknowledged that the average sentence nationally for drug distribution defendants with Crockett's criminal history and offense level was 91 months. But the court did not consider Crockett to be an average defendant, pointing to the large quantity of drugs sold, the dangerous nature of methamphetamine and fentanyl, and Crockett's extensive and violent uncharged criminal conduct. The court reasoned that Crockett's conduct deserved a sentence well above the national average. The court also determined that an upward variance was appropriate because Crockett had fought with another prisoner in jail while awaiting sentencing. The court sentenced Crockett to 131 months.

On appeal, Crockett challenges his sentence as substantively unreasonable, in essence claiming that it is "too long." *United States v. Rayyan*, 885 F.3d 436, 442 (6th Cir. 2018). In the context of this "highly deferential review," we ask whether the court exceeded its discretion by placing "too much" emphasis or "too little" emphasis on the relevant § 3553(a) factors: the nature of the offense, the defendant's history and characteristics, the need to avoid unwarranted sentence disparities, and the sentence's deterrent, punitive, incapacitating, and rehabilitative functions. *Id.*; 18 U.S.C. § 3553(a). While we may consider "the extent of any variance from the Guidelines," we "must give due deference to the district court's decision that the § 3553(a) factors . . . justify the extent of the variance." *Gall v. United States*, 552 U.S. 38, 51 (2007).

No abuse of discretion occurred. As the district court recognized, Crockett's criminal record is atypically lengthy and serious. Crockett's 11 adult convictions include aggravated menacing, aggravated disorderly conduct, and cocaine trafficking. Even more "troubling," as the court recognized, are Crockett's 21 instances of uncharged criminal conduct. R.41 at 15. This additional conduct ranges from alleged sexual assault to "numerous" instances of domestic violence, all offenses that frequently went uncharged when "the victims refuse[d] to testify." R.41 at 6. It was not unreasonable for the district court to conclude that Crockett's "history of violence" and repeated trafficking of deadly chemicals at a minimum justified a top-of-the-guidelines sentence. R.41 at 14.

The district court also properly considered Crockett's jail-yard fight in adding six months to his sentence. "[M]isconduct while in jail" is "relevant to the history and characteristics of the defendant" and a proper basis for an upward variance under § 3553(a). *United States v. Mitchell*, 107 F.4th 534, 541 (6th Cir. 2024) (quotation omitted). Crockett's fight had no relationship to his drug trafficking charges and did not factor into the calculation of the applicable guidelines range. The district court did not break the mold in deciding that this violent episode merited an additional six months. *See United States v. Prince*, 2023 WL 8555399, at *5 (6th Cir. Dec. 11, 2023) (upholding five-month upward variance based on post-conviction fight).

Crockett counters that the district court gave too much weight to his record of uncharged offenses, pointing out that the guidelines range already accounts for his convictions and that "innocence does not receive criminal history points." Appellant's Br. 19–20. But a sentencing court must look to a defendant's "history and characteristics." 18 U.S.C. § 3553(a)(1); *United States v. Dunnican*, 961 F.3d 859, 881 (6th Cir. 2020). This history extends to "uncharged criminal

conduct," *Rayyan*, 885 F.3d at 441, behavior that in this instance amounts to an average of two brushes with the law every year over a ten-year span. Saying otherwise "would have the practical effect of making the Guidelines again mandatory." *United States v. Tristan-Madrigal*, 601 F.3d 629, 636 n.1 (6th Cir. 2010). Besides, the court did not rely only on Crockett's criminal history. It also factored in Crockett's conduct during incarceration, the impact of fentanyl on his community, and his tendency towards violence—all relevant considerations that the guidelines do not fully capture.

Crockett also argues that his sentence is too long when compared to other defendants with similar records, particularly given that Crockett's longest sentence until now had been 60 days. Yet our review of a sentence's length "starts with the sentencing estimate provided by the Sentencing Commission," not the sentences received by other individual defendants. *United States v. Kirchhof*, 505 F.3d 409, 416 (6th Cir. 2007) (quotation omitted). Crockett has not shown that the average defendant with his Guidelines range would share his previous trafficking conviction, violent history, post-conviction altercation, or dozens of other scrapes with the law. More, Crockett's previously lenient sentences did not deter him from further criminal conduct, a consideration that counsels for, not against, the length of today's sentence. *United States v. Nixon*, 664 F.3d 624, 626 (6th Cir. 2011).

Crockett insists that the district court should have reduced his sentence based on his mental health challenges. But while Crockett has reported suicidal thoughts in the past, as the district court noted, he has never been diagnosed with a mental health condition and he does not claim any such issues now. The court reasonably concluded on this record that any mental health concerns were outweighed by Crockett's past criminal conduct and the need to deter Crockett in the future.

4

We see no basis for second-guessing that judgment.  *See United States v. Loos*, 66 F.4th 620, 625 (6th Cir. 2023).

We affirm.