RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 19a0087p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

───────────────

UNITED STATES OF AMERICA,

　　　　　　　　　　　　　　*Plaintiff-Appellee*,

　　*v.*

WESLEY A. MUCHOW,

　　　　　　　　　　　　　　*Defendant-Appellant*.

> No. 18-3738

───────────────

Appeal from the United States District Court
for the Northern District of Ohio at Cleveland.
No. 1:17-cr-00432-1—Christopher A. Boyko, District Judge.

Decided and Filed: May 8, 2019

Before: COLE, Chief Judge; STRANCH and READLER, Circuit Judges.

───────────────

**COUNSEL**

───────────────

**ON BRIEF:** Christian J. Grostic, FEDERAL PUBLIC DEFENDER, Cleveland, Ohio, for Appellant. Michael A. Sullivan, UNITED STATES ATTORNEY'S OFFICE, Cleveland, Ohio, for Appellee.

───────────────

**OPINION**

───────────────

CHAD A. READLER, Circuit Judge. Defendant Wesley Muchow pled guilty to one count of receiving and distributing visual depictions of minors engaged in sexually explicit conduct. After weighing the parties' respective arguments at the sentencing hearing, the district court sentenced Muchow at the very bottom of the proposed United States Sentencing Guidelines range. We reject Muchow's position that his sentence is substantively unreasonable and **AFFIRM** the judgment of the district court.

# I.  BACKGROUND

In many respects, Wesley Muchow lived a life one could be proud of, and certainly not one that would catch the eye of federal prosecutors.  He graduated from high school, was gainfully employed as a machine operator, and made a home in Bucyrus, a north central Ohio community located along the historic Lincoln Highway.  Muchow had a close bond with his family, relying on their support during challenging times.  And until this federal prosecution, his known criminal record reflected only a decades-old state-law misdemeanor for driving under the influence.

Unfortunately, Muchow's life had a dark chapter, one revealed in 2017 when FBI agents executed a search warrant at his home.  There, agents discovered 3,616 images of minors engaged in sexually explicit conduct, all stored on electronic devices, as well as 61 videos reflecting similarly explicit conduct.

Muchow's misconduct was not an isolated incident.  The volume of child pornography discovered in his home alone suggested as much.  So too did the FBI's investigation.  The search warrant was based upon findings from the prior November and December, when an undercover FBI agent used peer-to-peer file sharing programs to download remotely child pornography—both pictures and videos—from Muchow's computer.  The search revealed over 30 files of child pornography.  Muchow would later admit to "searching and downloading" child pornography for at least "the past ten years."

In the months that followed the search, Muchow sought to reform his ways. As a first step, Muchow provided a signed statement to law enforcement officers admitting he had viewed child pornography.  Later, he attended counseling sessions to seek treatment for his addiction.  On top of that, he engaged in church, family, and work activities, and refrained from viewing illegal pornographic images.

Muchow was indicted in October 2017 on one count of receiving and distributing depictions of minors engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(2), and one count of possessing child pornography, 18 U.S.C. § 2252A(a)(5)(B), including at least

one image of a prepubescent minor or a minor under the age of 12. Ultimately, Muchow pled guilty to Count 1, and the government dismissed Count 2.

The case moved ahead to sentencing. Neither party objected to the Presentence Report. The Guidelines range for Muchow's offense was calculated as 135 to 168 months in prison. Muchow argued for a 60-month sentence, the mandatory minimum. He based his request on his lack of criminal history, his educational and work history, and his cooperation with law enforcement. The government, on the other hand, argued for a sentence within the Guidelines range. Ultimately, the district court sentenced Muchow to 135 months, the very bottom end of the Guidelines range, with an additional five years of supervised release.

## II. ANALYSIS

Challenging the determination below, Muchow contends that the sentence imposed was substantively unreasonable. In reviewing that sentence, we begin with the general rule articulated across our cases: Where a district court acted reasonably in imposing a sentence, this Court must affirm its decision. *See*, *e.g.*, *United States v. Heriot*, 496 F.3d 601, 608 (6th Cir. 2007) (Norris, J.).

Whether a sentence is substantively unreasonable is "a matter of reasoned discretion, not math[.]" *United States v. Rayyan*, 885 F.3d 436, 442 (6th Cir. 2018). In assessing the issue, our Court, granting appropriate discretion to the district court, examines whether the district court selected the sentence in an arbitrary manner, considered impermissible factors, or assigned unreasonable weight to a permissible factor. *See generally Gall v. United States*, 552 U.S. 38, 56–57 (2007) (asking whether the district court, in sentencing a defendant, abused its discretion in weighing the § 3553(a) factors or by giving significant weight to an improper factor).

While not dispositive, it bears repeating that the district court sentenced Muchow within the Guidelines range. In this Circuit, Guidelines-range sentences are generally presumed to be reasonable. *See United States v. Vonner*, 516 F.3d 382, 389 (6th Cir. 2008) (en banc). Here, Muchow's sentence was at the very bottom of the range—in essence, the most favorable Guidelines sentence he could have received.

We see no reason to second-guess the district court's sentencing decision.  The collection of child pornography recovered from Muchow's residence was extensive and disturbing.  In addition to 129 images, it included four videos, each several minutes in length, showing adult males raping prepubescent children.  One video involved the use of a dog in sexual acts with children—another the sexual bondage of a nine-year-old.  Serving over a decade in prison is no small matter, to be sure.  "But it is [] Congress's prerogative to dictate sentencing enhancements based on a retributive judgment that certain crimes are reprehensible and warrant serious punishment as a result."  *United States v. Bistline*, 665 F.3d 758, 764 (6th Cir. 2012).  For these reasons, we cannot say that a 135-month sentence—one at the very bottom of the Guidelines range—was inappropriate here.

Muchow contests two grounds invoked by government counsel to justify his sentence.  Framing the government as arguing that Muchow "commit[ed] more crimes than his criminal history reflected," and then "minimize[d] his offenses," Muchow contends that the district court erred in relying on these "unfounded assumptions and speculation in its sentence."

Here again, we afford the sentencing court significant latitude.  We grant a district court wide discretion in choosing what information it will consider at sentencing.  That information often includes considerations like the background, character, and conduct of the defendant.  *See United States v. Kennedy*, 499 F.3d 547, 552 (6th Cir. 2007) (Cook, J.).  And the record here indicates the district court properly considered the information before it in imposing the sentence.  With respect to prior instances of wrongdoing, Muchow himself acknowledged that he had viewed child pornography for at least a decade, if not longer.  That admission alone is enough to support the district court's finding that Muchow viewed child pornography on "more than just the dates that are included in the indictment."  It was thus neither arbitrary nor speculative for the district court to consider the "extent and time frame this [conduct] went on" in sentencing Muchow.

To the same end, government counsel, in response to Muchow's argument regarding his level of cooperation, was within her right to note that, while Muchow was forthcoming in many respects, he did not make complete disclosures regarding his offenses.  In any event, the district court did not credit the government's argument.  Rather, the district court ultimately *agreed with*

*Muchow* on the point, *crediting* his level of cooperation and efforts at rehabilitation: "I'm giving you the lower end, of course, because I see substantial progress by you, as pointed out by [your counsel]."

Finally, Muchow cites as a judicial vice conduct by the district court one would typically consider a virtue, namely, assessing each side's argument in turn as it considered the sentence to impose. At the sentencing hearing, both Muchow's counsel and the government's counsel persuasively argued on behalf of their respective clients. Noting the force of those arguments, the district court articulated the challenge before it: "Here's what goes through my mind, Mr. Muchow: When I hear Mr. Ivey [counsel for Muchow], the sentence goes down. Then I listen to Miss Angleli [counsel for the government], and the sentence goes back up." Muchow finds error in the "sentence [going] back up," in response to the government's arguments.

As already explained, we see no error in the district court's sentencing decision. The district court examined both parties' evidence and legal argument as it considered what sentence to impose. That is what one would expect a sentencing court to do. Appellate courts in particular *rely* on the district court to do so, as that court is "in a superior position to find facts and judge their import under § 3553(a)[.]" *Gall*, 552 U.S. at 51. District courts have "access to, and greater familiarity with, the individual case and the individual defendant[.]" *Id.* (internal quotation marks and citation omitted). They should avail themselves of that information, as the district court did in setting Muchow's sentence. That judgment, if reasonable, ordinarily should be respected by a reviewing court. We do so here.

### III. CONCLUSION

For the reasons stated above, we **AFFIRM** the judgment of the district court.