NOT RECOMMENDED FOR PUBLICATION
File Name: 20a0113n.06

No. 19-5458

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Feb 21, 2020
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| WILLIAM TIMOTHY ADKINS, JR., | ) | DISTRICT OF TENNESSEE |
| Defendant-Appellant. | ) | |
| | ) | |

Before: DAUGHTREY, KETHLEDGE, and THAPAR, Circuit Judges.

KETHLEDGE, Circuit Judge. William Adkins pled guilty to one count of being a felon in possession of a firearm. He now argues that his within-Guidelines sentence was substantively unreasonable. We reject his argument and affirm.

In 2018, police received reports that Adkins—an eight-time felon—was openly carrying a handgun at the Tennessee campground where he lived. They also learned that Adkins had sold an AR-15-style rifle on behalf of the rifle's owner, though Adkins ultimately kept the proceeds for himself. Officers thereafter searched Adkins's home, where they found a handgun. He eventually pled guilty to a single count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).

At sentencing, the district court determined that Adkins's Guidelines range was 51 to 63 months' incarceration. Neither the government nor Adkins argued for a departure from that range. The district court then discussed facts related to the 18 U.S.C. § 3553(a) sentencing factors: the circumstances surrounding the sale of the rifle, and that the rifle was a high-capacity weapon; the need for deterrence; and Adkins's lengthy and varied criminal history, which included forgery,

identity fraud, drug possession, gun possession, failure to register as a sex offender, and incest. The court imposed a within-Guidelines sentence of 61 months' imprisonment. This appeal followed.

Adkins challenges only his sentence, which we review for an abuse of discretion. *United States v. Nixon*, 664 F.3d 624, 625–26 (6th Cir. 2011). Specifically, he argues that his sentence is substantively unreasonable, which requires a showing that the district court gave unreasonable weight to the § 3553(a) factors. *See United States v. Bistline*, 665 F.3d 758, 761 (6th Cir. 2012). Within-Guidelines sentences "are generally presumed to be reasonable." *United States v. Muchow*, 924 F.3d 272, 275 (6th Cir. 2019).

Adkins contends that the district court placed too much weight on his criminal history. But the court simply explained that Adkins's prior convictions showed a pattern of taking advantage of victims, and that his open carriage of a handgun and sale of a rifle showed that he continued to "flaunt[] his disrespect for the law." Nothing about that discussion suggests that the district court gave unreasonable weight to Adkins's criminal history.

Adkins also contends that the district court failed to discuss his relationships with his aging mother and with his 14-year-old child, both of whom Adkins had mentioned during his allocution. That is true enough, but a sentencing judge need not respond to a defendant's every argument (or statement in allocution). *See Rita v. United States*, 551 U.S. 338, 356–57 (2007). And a judge who sentences within the Guidelines range need not give a lengthy explanation if—as was the case here—neither the government nor the defendant argues for a departure. *Id.* Moreover, Adkins concedes that the court credited his allocution before it announced the sentence. Adkins Br. at 11. Adkins's sentence was substantively reasonable.

The district court's judgment is affirmed.