NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0665n.06

No. 11-3080

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

***Sep 09, 2011***

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| RICHARD A. CASE, JR., | ) | THE SOUTHERN DISTRICT OF |
| | ) | OHIO |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

Before: MARTIN, GIBBONS, and KETHLEDGE, Circuit Judges.

KETHLEDGE, Circuit Judge. Richard Case pled guilty to one count of receiving child pornography. At his sentencing hearing, his sister-in-law and mother-in-law gave victim-impact statements. They asked the district court to sentence Case to a maximum term because of his negative character and the negative impact of his crime on the family. The court thereafter sentenced Case to a within-Guidelines term of 100-months' imprisonment. Case now argues that the court impermissibly considered these statements because neither his sister-in-law nor his mother-in-law were "victims" of his crime, thus rendering his sentence unreasonable. Even assuming that neither of his in-laws were direct victims of his crime, that fact is irrelevant. Congress expressly provided that a court may consider any "information concerning the background, character, and conduct of a person convicted of an offense . . . for the purpose of imposing an appropriate sentence." 18

U.S.C. § 3661. Courts thus have "largely unlimited" discretion to consider whatever information they find relevant to imposing sentence. *E.g.*, *Pepper v. United States*, 131 S. Ct. 1229, 1240 (2011) (internal quotation marks omitted). So the district court could freely consider these statements in imposing Case's sentence, regardless of whether the in-laws were properly characterized as "victims." And in any event, the district court explained that it limited its consideration of these statements "to how these persons were victimized as opposed to details and facts that are not in evidence and hearsay, and so forth"—even though the court permissibly could have considered those details and facts. [R.42, at 29–30.]

To the extent that Case also challenges his sentence as substantively unreasonable, that challenge also fails. The fact that the court rejected the Government's recommendation of a lesser sentence cannot by itself rebut the presumption of substantive reasonableness accorded to within-Guidelines sentences, especially where, as here, the sentencing transcript reflects the court's careful, nonarbitrary consideration of the § 3553(a) factors and the defendant's arguments. *See United States v. Brown*, 579 F.3d 672, 677 (6th Cir. 2009).

The district court's judgment is affirmed.