NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0289n.06

No. 20-3874

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

<table>
<tr><td>UNITED STATES OF AMERICA,</td><td>)</td><td rowspan="10"></td></tr>
<tr><td style="padding-left:2em">Plaintiff-Appellee,</td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
<tr><td>v.</td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
<tr><td>DAVID E. MCCLAIN,</td><td>)</td></tr>
<tr><td style="padding-left:2em">Defendant-Appellant.</td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
</table>

**FILED**
Jun 14, 2021
DEBORAH S. HUNT, Clerk

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO

BEFORE: STRANCH, BUSH, and READLER, Circuit Judges.

**CHAD A. READLER, Circuit Judge.** David McClain pleaded guilty to being a felon in possession of a firearm and ammunition. The district court sentenced McClain to 65 months' imprisonment, an upward variance of eight months from his Sentencing Guidelines range. McClain contests his sentence as substantively unreasonable. We disagree and thus affirm.

## BACKGROUND

Officers approached a group of three men (one of whom was McClain) loudly gathered together in a parking lot. As officers addressed the group, McClain, with his hand on his waistband, turned away from them. An officer approached McClain. Following a pat down, the officer discovered a semi-automatic pistol loaded with eight rounds, at which point McClain was arrested.

McClain later pleaded guilty to knowingly being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). At sentencing, the district court

calculated McClain's Guidelines range to be 46 to 57 months. Seeking a sentence at the bottom end of that range, McClain emphasized his role as a family man with a stable job and justified his possession of the firearm as a means of self-defense. The government, meanwhile, highlighted McClain's criminal history, which included at least nine convictions, one of which also related to firearms.

After reviewing the 18 U.S.C. § 3553(a) factors, the district court concluded that a two-level upward variance was "necessary based on all the facts and circumstances and the history of this defendant." Accordingly, the court imposed a 65-month sentence—a sentence in the middle of the post-variance range, and eight months higher than the top of the pre-variance range. In explaining its decision, the court noted that McClain's prior sentences had not deterred him from carrying a firearm. In particular, the court highlighted McClain's 60-month sentence for an earlier firearm offense, which, to the court's mind, had proven ineffective, from a deterrence standpoint. Further, McClain's domestic violence offenses, the court explained, undermined McClain's description of himself as a "family man." Those conclusions were in many respects consistent with the presentence report, which suggested a two-level upward increase "to protect the public from further crimes of the defendant, to provide just punishment, and reflect the seriousness of the offense." This timely appeal followed.

## ANALYSIS

McClain contends that his sentence is "substantively unreasonable." *See United States v. Rayyan*, 885 F.3d 436, 442 (6th Cir. 2018) ("A claim that a sentence is substantively unreasonable is a claim . . . that the court placed too much weight on some of the § 3553(a) factors and too little on others in sentencing the individual."). In essence, McClain claims his sentence is "too long under the circumstances." *United States v. Johnson*, 934 F.3d 498, 500 (6th Cir. 2019). Given the

2

"judgment-driven" nature of sentencing, a district court receives "plenty of deference." *Id.* We therefore review a sentence's substantive reasonableness under an abuse-of-discretion standard. *United States v. Dunnican*, 961 F.3d 859, 880 (6th Cir. 2020). When a district court sentences a defendant within the recommended Guidelines range, we presume the sentence is reasonable. *Id.* Here, however, the district court entered a sentence above that range, what we refer to as an upward variance. *United States v. Denny*, 653 F.3d 415, 420 (6th Cir. 2011). In simple terms, a variance is "the selection of a sentence outside of the advisory Guidelines range based upon the district court's weighing of one or more of the sentencing factors of § 3553(a)." *Id.* at 419. For a sentence (like this one) that falls outside the Guidelines range, no presumption of reasonableness accompanies the sentence on appellate review. *United States v. Robinson*, 892 F.3d 209, 212 (6th Cir. 2018) ("An above-Guidelines sentence is neither presumptively reasonable nor presumptively unreasonable."). We instead give "'due deference' to the district court's conclusion" so long as the factors justify the variance. *Dunnican*, 961 F.3d at 880 (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)). Along with affording deference, we likewise employ the rule of thumb that the further the judge's sentence departs from the Guidelines sentence, the more compelling the justification (based on the § 3553(a) factors) must be. *United States v. Aleo*, 681 F.3d 290, 299 (6th Cir. 2012).

Even with the upward variance, we see no abuse of discretion in the district court's application of 18 U.S.C. § 3553(a). Starting with its consideration of the factors in § 3553(a)(1), the district court, before imposing the upward variance, addressed the nature and circumstances of McClain's offense, which included McClain possessing a stolen, loaded firearm along with multiple narcotics while hanging around a high-crime area in the middle of the night. It likewise considered his personal history and characteristics. Some of those factors, the court noted, had

3

mitigating force, while others, like his history of domestic violence, did not. The court also addressed the § 3553(a)(2) factors, which include considerations such as "promot[ing] respect for the law," "afford[ing] adequate deterrence," and "protect[ing] the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2)(A)–(C). Here, the court explained that McClain's criminal history reflected a lack of respect for the law, with his violent episodes in particular inviting a greater need for public protection. The court added that McClain's previous firearm sentence of 60 months did not adequately deter him from illegally carrying again. Finally, as to the consideration set out in § 3553(a)(3)—the kinds of sentences available—the district court explained that McClain's prior experiences with probation, community service, and noncustodial sanctions apparently had not convinced him to adhere to the law. All told, the district court's § 3553(a) analysis supported its upward variance.

McClain disagrees with that conclusion in three respects. He begins by characterizing this matter as a "mine-run" felon-in-possession case deserving of a sentence within the Guidelines range. *See United States v. Perez-Rodriguez*, 960 F.3d 748, 754 (6th Cir. 2020) (explaining that, to apply a variance, a district court must "explain[] how the present case is different from the typical or mine-run case that occupies the 'heartland' to which the Commission intends individual Guidelines to apply" (internal quotations omitted)). True enough, "mine-run" cases that depart from the Guidelines are "subject to closer review to assure that the justification given 'is sufficiently compelling to support the degree of variance.'" *Id.* at 757–58 (quoting *Gall*, 552 U.S. at 50). Yet here, the district court identified specific facts and circumstances distinguishing McClain and his offense from a more traditional felon-in-possession case. It noted that, on top of possessing a stolen firearm, McClain was carrying methamphetamine, cocaine base, heroin, and fentanyl at the time of his arrest. *See United States v. Cechini*, 834 F. App'x 201, 205 (6th Cir.

2020) (noting that a case is not "mine-run" when the Guidelines range does not account for unscored criminal conduct). And it emphasized that McClain needed specific deterrence given his history of violence and firearm possession, observing that "this is not the first time [McClain has] had problems with guns," and that McClain's previous firearm sentence did not deter him from illegally carrying the firearm. The "message" thus had "to be sent," the court explained, that McClain "cannot carry a gun . . . for whatever purpose." Because the "court varied upwards based on aggravating factors relevant to the particular individual being sentenced," *Cechini*, 834 F. App'x at 207, it did not abuse its discretion in issuing an above-Guidelines sentence. *See Johnson*, 934 F.3d at 500.

Next, McClain asserts that the district court relied too heavily on his criminal history in setting his sentence. But for many of the reasons just discussed, we see no merit to this contention either. Even when a defendant's criminal history category accounts for his crimes, it is not substantively unreasonable for a district court to justify a variance on that same history. "We have consistently rejected defendants' arguments that a district court cannot impose upward variances based on criminal history, simply because the Guidelines calculation already accounts for criminal history as a factor." *Dunnican*, 961 F.3d at 881 (collecting cases); *see also United States v. Lee,* 974 F.3d 670, 677 (6th Cir. 2020). Nor does McClain gain traction in suggesting that the district court placed too much weight on his criminal history, and not enough on his mitigating characteristics. *See United States v. Owen*, 940 F.3d 308, 317 (6th Cir. 2019). There are two problems with that suggestion. One, a defendant's criminal history may inform a district court's consideration of other § 3553(a) factors, such as the need for deterrence or protection of the public. *See United States v. Lanning*, 633 F.3d 469, 475 (6th Cir. 2011). To that end, the district court explained that a longer sentence was appropriate here because McClain's prior, shorter sentence

for similar conduct did not deter him from illegally possessing a firearm or curtail his pattern of violent activity that threatened public safety. *See United States v. Nixon*, 664 F.3d 624, 626 (6th Cir. 2011) (affirming an upward variance from the 37-month Guideline maximum in part because a prior 36-month sentence did not deter the defendant from committing a similar future offense). Two, the court did consider and weigh McClain's mitigating factors. The considerations cited by the court were McClain's difficult childhood, steady employment, family situation, health problems, and the effect on McClain of his son's shooting. But to the district court, those considerations were, in some respects, undercut by McClain's multiple domestic violence convictions. And his claim that he carried a firearm to protect his family was undermined by the fact that he also carried the firearm along with drugs in a high-crime area known for drug trafficking. In the end, those mitigating factors were less convincing to the district court than McClain had hoped, at least when compared to deterrence, criminal history, and public safety considerations. Yet "[a] district court's attaching of great weight to a few factors does not constitute reversible error." *Dunnican*, 961 F.3d at 881 (cleaned up) (quoting *Gall*, 552 U.S. at 57).

Finally, McClain characterizes the decision to depart upwards as "unusual" in that the government did not request the variance. But it is unclear why the government's silence renders the "[district] court's careful, nonarbitrary consideration of the § 3553(a) factors and the defendant's arguments" an abuse of discretion. *United States v. Case*, 434 F. App'x 522, 523 (6th Cir. 2011); *see also Dunnican*, 961 F.3d at 880 ("In general, we must give 'due deference' to the district court's conclusion that the sentence imposed is warranted by the § 3553(a) factors." (quoting *Gall*, 552 U.S. at 51)). The presentence report suggested, and the court adopted, a two-level upward variance. The government did not advocate for the variance. But nor did it object

to the variance in the district court or cede the point on appeal.  In the end, "this debate turns on perspective—and the perspective that counts, so long as it is reasoned," as it was here, "is the district court's."  *Johnson*, 934 F.3d at 501.

       We affirm.